UNITED STATES DISTRICT COURT

District of Oregon

Portland Branch

FILED13DEC'1316:16USDC-ORP

| | |
|---|---|
| Dawn Lind ) | 3'13 - CV - 2200   P[ |
| Plaintiff ) | Case No. |
| v. ) | COMPLAINT |
| ) | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY ) | |
| AND DEUTSCHE BANK NATIONAL TRUST COMPANY,) | |
| AS TRUSTEE FOR AMERICAN HOME MORTGAGE ) | |
| ASSETS TRUST 2006-6, MORTGAGE-BACKED PASS- ) | |
| THROUGH CERTIFICATES SERIES 2006-6. ) | |
| ) | |
| Defendants ) | |

1. At all times hereinafter mentioned, Plaintiff is and still is a resident of the State of Oregon, City of Portland in the County of Washington.

2. Defendant FIDELITY NATIONAL TTLE INSURANCE COMPANY is a foreign business corporation registered to do business in Oregon. Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-6, MORTGAGE-BACKED PASSTHROUGH CERTIFICATES SERIES 2006-06 is also a foreign corporation registered to do business in Oregon.

3. The jurisdiction of this Court is invoked by the money damages being greater than $75,000.

Comes now Dawn Lind the Plaintiff sues DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-6, MORTGAGE-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-6 AND FIDELITY NATIONAL TITLE INSURANCE COMPANY for the surplus of the trustee's sale of the following described real property:

55183

LOT 5, BLOCK 11, RIDGEVIEW HEIGHTS NO. 4, IN THE CITY OF BEAVERTON, COUNTY OF WASHINGTON AND STATE OF OREGON. Commonly known as 11770 SW Ridgeview Terrace, Beaverton, OR 97008.  On December 17, 2010 in full accordance with the laws of the state of Oregon and pursuant of the powers conferred upon him by said trust deed, Defendant FIDELITY NATIONAL TITLE INSURANCE COMPANY sold said real property in one parcel at a public auction to the highest bidder which was Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-6, MORTGAGE-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-6.  The true and actual consideration paid for this transfer is the sum of $2,590,000. See Exhibit A.

## BACKGROUND

Dawn Lind, Plaintiff, purchased said property on January 30, 2006. Due to unforeseen circumstances the subject property went into foreclosure in 2010 and was sold at auction through a non-judicial process on December 17, 2010.

The OTDA's (Oregon Trust Deed Act) notice and recording provisions, e.g., Or. Rev. Stat. §§ 86.737-86.750, protect borrowers from the unauthorized dispossession of property by requiring creditors to provide the borrower and other interested parties with notice of the pending foreclosure. Or. Rev. Stat. § 86.735(1) requires the creditor to establish its right to foreclose by recording documents evidencing the chain of title in county property records. See In re McCoy, 446 B.R. 453, 458 (Bankr. D. Or. 2011) ("Oregon law permits foreclosure without the benefit of a judicial proceeding only when the interest of the beneficiary is clearly documented in a public record.").

At the time of the trustee's sale, Plaintiff was the Grantor of the real property. See Exhibit B. Defendant DEUTSCHE NATIONAL BANK AS TRUSTEE was not included in the chain of title or any other place in public record either as a creditor or a beneficiary.  DEUTSCHE NATIONAL BANK AS TRUSTEE had no authority/right to act as beneficiary. ORS 86.790 (e3) At any time after the trust deed is executed, the beneficiary may appoint in writing another qualified trustee but it must be recorded in the county in which the DEED OF TRUST is recorded. Non-judicial foreclosure of trust deeds by

advertisement and sale is statutory with strict rules. ORS 86.725 to 86.795. Failure to comply strictly with the statutory process is fatal to a non-judicial foreclosure action. Baggao v Mascaro, 77 OR. App. 627 (1986), Staffordshire Investments, Inc. v Cal-Western, 209 Or. App. 528 (2006). ORS 86.755(1) provides that the trustee "may sell the property at auction to the highest bidder for cash" and that the beneficiary may bid. The trustee in this case is Defendant, FIDELITY NATIONAL TITLE INSURANCE COMPANY. "The purchaser shall pay at the time of sale the price bid, and the trustee shall execute and deliver the trustee's deed to the purchaser." ORS 86.755(3). It is well settled that the trustee in a deed of trust owes duties both to the mortgagor and the holder of the debt. Hence he must act with strict impartiality. Kratovil and Werner, Modern Mortgage Law and Practice 45, § 3.03(c)(1) (2d Ed.1981). FIDELITY NATIONAL TITLE INSURANCE COMPANY was under an obligation as trustee to perform statutory duties in his conduct of the sale and application of its proceeds, see Nelson and Whitman, Real Estate Finance Law 549, § 7.21 (2d Ed.1985). Regardless of a mistake in the amount of its bid, Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY is bound by it. If Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY intended to bid more than the amount of the secured debt, it must account for the excess, and under ORS 86.765(3,4) plaintiff would be entitled to claim that excess The effect of the sale is to "foreclose and terminate all interest in the property covered by the trust deed of all persons to whom notice is given ORS 86.770(1). Distribution of the sale proceeds is governed by ORS 86.765. See Bank of Myrtle Point v. Security Bank of Coos County 67 OR app. 512. The trustee shall apply the proceeds of the trustee's sale as follows:

1. To the expenses of the sale, including the compensation of the trustee, and a reasonable charge by the attorney.
2. To the obligation secured by the trust deed.
3. To all persons having recorded liens subsequent to the interest of the trustee in the trust deed as their interest may appear in the order of their priority.
4. The surplus, if any to the grantor of the trust deed or to the successor in interest of the grantor entitled to such surplus.

Since the Plaintiff was the Grantor of the trust deed at the time of the sale she stands to recover the surplus.

## JURISDICTION

This action is properly before this court because the Defendants are foreign business corporations with addresses as follows and the monetary damages are greater than $75,000.

FIDELITY NATIONAL TITLE INSURANCE has a corporate address of 1110 North Post Oak Road Suite 120 Houston, TX 77055.

DEUTSCHE NATIONAL BANK TRUST COMPANY has a corporate address of 4875 Belfort Road, Suite 130 Jacksonville, FL 32256.

## CLAIM FOR RELIEF

Pursuant to the DEED OF TRUST, plaintiff is entitled to reasonable fees incurred herein.

Plaintiff claims entitlement to payment under ORS 86.765(4). At the time of the default the balance owing was $300,000. The purchase price as indicated by Exhibit A was $2,590,000. The true and actual consideration owing Plaintiff is $2,290,000 less the cost of the trustee's sale which would require verification from the Defendants.

WHEREFORE, Plaintiff pray that the Court adjudge/order the following:

1. The surplus of the Trustee's Sale go to the Grantor of the Trust Deed which at the time was the Plaintiff. Actual consideration is $2,350,000 less the appropriate fees for such sale.

2. Plaintiff is entitled to judgment for Plaintiff's Court costs, expenditures, reasonable attorney's fees and prevailing party fee as provided by law.

3. Any other relief the court deems equable and just.

_[signature]_

Dawn Lind   Pro Se
December 13, 2013

Dawn Lind
12860 SW Havencrest St.
Portland, Or 97225
(503)753-6135   2ownyourlife@gmail.com



After recording return to:

Until a change is requested all tax statements
Shall be sent to the following address:
Deutsche Bank National Trust Company, as Trustee for American Home
Mortgage Assets Trust 2006-6, Mortgage-Backed Pass-Through
Certificates Series 2006-6
4875 Belfort Road, Suite 130
Jacksonville, FL 32256

_____(Recorder's Use)_____

## TRUSTEE'S DEED

T.S. No.: 10-09931-6.
Loan No.: 0031360506

THIS INDENTURE, Made December 17, 2010, between **FIDELITY NATIONAL TITLE INSURANCE COMPANY**
Hereinafter called trustee, and Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2006-6, Mortgage-Backed Pass-Through Certificates Series 2006-6

hereinafter called the second party:

**WITNESSETH:**

RECITALS: DAWN LIND, As grantor, executed and delivered to FIDELITY NATIONAL TITLE COMPANY OF OREGON, for the benefit of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, as beneficiary, a certain trust deed dated September 12, 2006, duly recorded on September 18, 2006, 2006-111282, in the mortgage records of Washington County, Oregon.

In said trust deed the real property therein and hereinafter described was conveyed by said grantor to said trustee to secure, among other things, the performance of certain obligations of the grantor to the said beneficiary. The said grantor thereafter defaulted in his performance of the obligations secured by said trust deed as stated in the notice of default hereinafter mentioned and such default still existed at the time of the sale hereinafter described.

By reason of said default, the owner and holder of the obligations secured by said trust deed, being the beneficiary therein named, or his successor in interest, declared all sums so secured immediately due and owing; a notice of default, containing an election to sell the said real property and to foreclose said trust deed by advertisement and sale to satisfy grantor's said obligations was recorded in the mortgage records of said county on **August 11, 2010** and referenced as **2010-061678**.to which reference now is made.

After the recording of said notice of default, as aforesaid, **FIDELITY NATIONAL TITLE INSURANCE COMPANY** the undersigned trustee gave notice of the time for and place of sale of said real property as fixed by him and as required by law: copies of the Trustee's Notice of Sale were served pursuant to ORCP 7D(2) and 7D.(3) or mailed by both first class and certified mail with return receipt requested, to the last-known address of the persons or their legal representatives, if any, named in ORS 86.740(1) and (2)(a), at least 120 days before the date the property was sold, and the Trustee's Notice of Sale was mailed by first class and certified mail with return receipt requested,

Exhibit A p.1of3

## TRUSTEE'S DEED

T.S. No.: 10-09931-6.
Loan No.: 0031360506

to the last-known address of the guardian, conservator or administrator or executor of any person named in ORS 86.740(1), promptly after the trustee received knowledge of the disability, insanity or death of any such person; the Notice of Sale was served upon occupants of the property described in the trust deed in the manner in which a summons is served pursuant to ORCP 7D.(2) and 7D.(3) at least 120 days before the date the property was sold, pursuant to ORS 86.750(1). In addition, pursuant to HB 3630, the additional notice was sent or served in accordance with Sections 20 and 21, Chapter 19, Oregon Laws 2008. If the foreclosure proceedings were stayed and released from the stay, copies of an Amended Notice of Sale in the form required by ORS 86.755(6) were mailed by registered or certified mail to the last- known address of those persons listed in ORS 86.740 and 86.750(1) and to the address provided by each person who was present at the time and place act for the sale which was stayed within 30 days after the release from the stay. Further, the trustee published a copy of said notice of sale in a newspaper of general circulation in each county in which the said real property is situated, once a week for four successive weeks; the last publication of said notice occurred more than twenty days prior to the date of such sale. The mailing, service and publication of said notice of sale are shown by one or more affidavits or proofs of service duly recorded prior to the date of sale in the official records of said county, said affidavits and proofs. Together with the said notice of default and election to sell and the trustee's notice of sale, being now referred to and incorporated in and made a part of this trustee's deed as fully as if act out herein verbatim. The undersigned trustee has no actual notice of any person, other than the persons named in said affidavits and proofs as having or claiming a lien on-or interest in said described real property, entitled to notice pursuant to ORS86.740(1)(b) or (1)(c).

Pursuant to said notice of sale, the undersigned trustee on **December 17, 2010**, at the hour of **11:00 AM**, of said day, in accord with the standard of time established by ORS 187.110, the place so fixed for sale, as aforesaid, in full accordance with the laws of the state of Oregon and pursuant to the powers conferred upon him by said trust deed, sold said real property in one parcel at public auction to the said second party for the sum of **$2,590,000.00**, he being the highest and best bidder at such sale and said sum being the highest and best sum bid for said property. The true and actual consideration paid for this transfer is sum of **$2,590,000.00**.

NOW THEREFORE, in consideration of the said sum so paid by the second party in cash, the receipt whereof is acknowledged, and by the authority vested in said trustee by the laws of the state of Oregon and by said trust deed, the trustee does hereby convey unto the second party all interest which the grantor had or had the power to convey at the time of the grantor's execution of said trust deed, together with any interest the said grantor or his successors in interest acquired after the execution of said deed in and to the following described real property, to-wit:

**LOT 5, BLOCK 11, RIDGEVIEW HEIGHTS NO. 4, IN THE CITY OF BEAVERTON, COUNTY OF WASHINGTON AND STATE OF OREGON.**

In constructing this instrument and whenever the context so requires, the masculine gender includes the feminine and the neuter and the singular includes the plural; the word "grantor" includes any successor-in-interest to the grantor as well as each and all other persons owing an obligation, the performance of which is secured by said trust deed; the word "trustee" includes any successor trustee, the word "beneficiary" includes any successor-in-interest of the beneficiary first named above, and the word "person" includes corporation and any other legal or commercial entity.

Exhibit A p 2 of 3

## TRUSTEE'S DEED

T.S. No.: 10-09931-6
Loan No.: 0031360506

IN WITNESS WHEREOF, the undersigned trustee has hereunto set his hand; if the undersigned is a corporation, it has caused its corporate name to be signed and its corporate seal to be affixed hereunto by its officers duly authorized thereunto by order of its Board of Directors.

THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITIES OR COUNTIES PLANNING DEPARTMENT TO VERIFY APPROVED USES.

December 17, 2010

FIDELITY NATIONAL TITLE INSURANCE COMPANY

*[signature]*

MARCY AXELROD, Authorized Signature

State of California         } ss.
County of Orange            } ss

On December 17, 2010 before me, Shena Marie La Rue, a Notary Public in and for said county, personally appeared MARCY AXELROD, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*[signature]*
Shena Marie La Rue # 1807664
My Commission Expires July 27, 2012

SHENA MARIE LA RUE
Commission # 1807664
Notary Public - California
Orange County
My Comm. Expires Jul 27, 2012

(Seal)

*Exhibit A p. 3 of 3*

Washington County, Oregon  **2006-012470**
02/01/2006 03:04:21 PM
D-DW  Cnt=1 Stn=19 D HOFFMAN
$5.00 $6.00 $11.00 $184.00 - Total = $206.00



I, Jerry Hansen, Director of Assessment and Taxation and Ex-Officio County Clerk for Washington County, Oregon, do hereby certify that the within instrument of writing was received and recorded in the book of records of said county.
Jerry R. Hansen, Director of Assessment and Taxation, Ex-Officio County Clerk

RECORDING REQUESTED BY
FIDELITY NATIONAL TITLE COMPANY OF OREGON

GRANTOR'S NAME
Marcia L. McCreight

GRANTEE'S NAME
Dawn Lind

SEND TAX STATEMENTS TO:
Dawn Lind
12860 SW Havencrest Street
Portland, OR 97225

AFTER RECORDING RETURN TO:
Dawn Lind
12860 SW Havencrest
Portland, OR 97225



WASHINGTON COUNTY
REAL PROPERTY TRANSFER TAX
$ 184.00   2-1-06
FEE PAID    DATE

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## STATUTORY WARRANTY DEED

Marcia L. McCreight,; Grantor, conveys and warrants to   DAWN LIND
, Grantee, the following described real property, free and clear of encumbrances except as specifically set forth below, situated in the County of Washington, State of Oregon,

Lot 5, Block 11, Ridgeview Heights No. 4, in the City of Beaverton, County of Washington and State of Oregon.

Subject to and excepting: Covenants, conditions and restrictions of record.

THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES AND TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES AS DEFINED IN ORS 30.930.

THE TRUE AND ACTUAL CONSIDERATION FOR THIS CONVEYANCE IS $184,000.00 (See ORS 93.030)

DATED: January 30, 2006

Marcia L. McCreight

OFFICIAL SEAL
NICOLE KELLOGG
NOTARY PUBLIC - OREGON
COMMISSION NO. 364296
MY COMMISSION EXPIRES JAN. 5, 2007

STATE OF OREGON
COUNTY OF Multnomah

This instrument was acknowledged before me on
1-31-06
by Marcia L. McCreight

NOTARY PUBLIC FOR OREGON
MY COMMISSION EXPIRES:

FORD-313 (Rev 2/96)          STATUTORY WARRANTY DEED

Exhibit B