IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DAWN LIND,

Plaintiff,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for American Home Mortgage Assets Trust 2006-6, Mortgage-Backed Pass-Through Certificates Series 2006-6,

Defendants.

3:13-cv-2200-PA

**ORDER**

---

**PANNER, J.**

This matter comes before the Court on Defendant Deutsche Bank's Motion to Dismiss (#25) and Motion for Joinder (#39) and Defendant Fidelity's Motion for Partial Summary Judgment (#33). Those Motions are GRANTED. All other pending motions are DENIED

as moot.

## Background

Plaintiff took out a loan to purchase the property at issue on January 30, 2006. The loan was secured by a Note and Deed of Trust. Plaintiff defaulted on her loan and the property was sold at a non-judicial foreclosure sale on December 17, 2010. The Trustee's Deed indicates that the property was sold for $2,590,000, an amount far in excess of the balance of her loan.

## Legal Standards

### I. Motion to Dismiss

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216, reh'g en banc denied, 659 F.3d 850 (9th Cir. 2011).

**II. Motion for Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether or not a fact is material is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). There is a genuine dispute if the evidence is such that a reasonable jury would return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material facts should be resolved against the moving party; and (2) all inferences must be drawn in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630-31.

## Discussion

Defendant Deustche Bank has moved to dismiss all of Plaintiff's claims not related to the alleged surplus. Defendant Fidelity has filed a motion for partial summary judgment on Plaintiff's surplus claim.

**I. Motion for Partial Summary Judgment**

As a preliminary matter, Deutsche Bank moves to join

Fidelity in their motion for partial summary judgment. The motion is GRANTED.

ORS 86.794 governs the distribution of the proceeds of a trustee's sale. The proceeds go first to satisfy the expenses of the sale, next to the obligation secured by the trust deed, then to the junior lienholders, and finally "[t]he surplus, if any, to the grantor of the trust deed." ORS 86.794.

The balance of Plaintiff's loan was approximately $300,000. The Trustee's Deed in this case indicates that the property was sold for $2,590,000. Defendants have produced evidence that the figure on the Trustee's Deed was the result of a typographical error and that the property actually sold for $259,000. As this sum is less than the outstanding balance of the loan, no surplus exists. Plaintiff has not responded and the time for doing so has passed.

In light of the evidence, I conclude that no genuine issue of material fact remains with respect to the issue of the alleged surplus. It is clear that the property was sold for $259,000 and that no surplus exists. Accordingly, Defendants' Motion for Partial Summary Judgment is GRANTED.

**II. Motion to Dismiss**

In addition to the claim for the surplus, Plaintiff's Second Amended Complaint alleges violations of the Real Estate Settlement Procedures Acts (RESPA) and the Federal Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, as well as a claim for wrongful foreclosure. Deutsche Bank has moved to dismiss

these claims.

**A. RESPA**

Plaintiff concedes that she has incorrectly listed a violation of RESPA. I accept Plaintiff's concession and this claim is DISMISSED.

**B. TILA**

Plaintiff's Second Amended Complaint focuses, for the most part, on Defendants' alleged failure to record transfers of the Deed of Trust. Plaintiff does not clearly allege what provisions of TILA have been violated, nor does she clearly allege what conduct constitutes the violation.

Nor does it appear that Plaintiff could benefit from the remedies provided for under TILA. As the loan at issue was for a residential mortgage transaction, she cannot claim the benefit of the right of rescission. 15 U.S.C. § 1635(e)(1); see also Hadley v. BNC Mortg., Inc., 466 Fed. App'x. 612 (9th Cir 2012). A claim for monetary damages would be subject to TILA's one year statute of limitations, beginning with the creation of the Deed of Trust. 15 U.S.C. § 1640(e); Nelson v. Am. Home Loan Serv., Inc., No. 3:13-cv-00306-BR, 2013 WL 3834656 at *8 (D. Or. July 24, 2013). As the Deed of Trust in this case was created in 2006, seven years before Plaintiff brought this action, a claim for monetary damages would be barred by the statute of limitations.

**C. Wrongful Foreclosure**

Plaintiff's claim for wrongful foreclosure is premised upon Defendants' alleged failure to record transfers of the Note and

Deed of Trust. The Oregon Supreme Court has recently resolved this issue, however, holding that it was not necessary to record assignments that occurred by operation of law. Brandrup v. ReconTrust Co., 353 Or. 668, 700-01 (2013). Plaintiff cannot, therefore, base her claim for wrongful foreclose on a failure to record. The Brandrup decision also discusses the role of MERS in the loan process and, while it does hold that MERS does not meet the statutory definition of a beneficiary, it does not hold that the mere involvement of MERS invalidates the loan.

Plaintiff also makes a number of arguments about Defendants' alleged failure to comply with the terms of the Pooling and Servicing Agreement (PSA). It is well settled that a plaintiff lacks standing to enforce the terms of a PSA where she is neither a party to, nor a third party beneficiary of, that agreement. Oliver v. Delta Fin. Liquidating Trust, No. 6:12-cv-00869-AA, 2012 WL 3704954 at *4 (D. Or. Aug. 27, 2012); Graham v. ReconTrust Co., NA, No. 3:11-cv-01339-BR, 2012 WL 1035712 at *4 (D. Or. Mar. 27, 2012); Branson v. ReconTrust Co., NA, No. 3:11-cv-1526, 2012 WL 1473395 at *3 (D. Or. April 26, 2012). Plaintiff, as a borrower, is neither a party to, nor a third party beneficiary of, the PSA and therefore lacks standing to challenge Defendants' compliance with its terms.

**D. Dismissal Without Prejudice**

Pro se pleadings are held to less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Before dismissing a pro se complaint, the court

must, in many circumstances, instruct the pro se litigant as to the deficiencies in the complaint and grant leave to amend. See Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).

Although Plaintiff's complaints (considered individually or collectively) do not presently state a claim for which relief can be granted, it is not impossible that Plaintiff could cure the deficiencies and submit an amended complaint that did state a claim. Accordingly, I dismiss without prejudice. Plaintiff shall have thirty days from the date of this Order to submit an amended complaint.

**CONCLUSION**

Defendant Deutsche Bank's Motion for Joinder (#39) is GRANTED. Defendants' Motion for Partial Summary Judgment (#33) on the issue of surplus proceeds is GRANTED. Defendant Deutsche Bank's Motion to Dismiss (#25) is GRANTED. This case is DISMISSED with leave to file an amended complaint within 30 days of the date of this Order. All other pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 30 day of May, 2014.

Owen M Panner

OWEN M. PANNER
U.S. DISTRICT JUDGE